UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

John Roger Smith,

Plaintiff,

vs. ORDER

Northern Dewatering, Inc.,

Defendant. Civ. No. 01-1948 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 28th day of June, 2002.

* * *

On June 27, 2002, the Court heard argument on the parties' informal Motion to extend the pretrial deadlines. At the time of the Hearing, the Plaintiff appeared by L. Michael Hall, Esq., and the Defendant appeared by Peter G. Van Bergen, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant the parties' Motion.

Our Scheduling Order, dated February 27, 2002, set the pretrial deadlines in this case as follows: all Motions to amend to the pleadings were to heard by May 30, 2002; the Plaintiff's expert disclosures are due August 1, 2002; the Defendant's expert disclosures are due September 1, 2002; discovery concludes on October 1, 2002, all nondispositive Motions are to be heard by November 1, 2002; and all dispositive Motions are to be heard by, and the case

FILED JUN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(13)

is to be "Ready for Trial" on, February 1, 2003. By stipulation of the parties, which was adopted by this Court on April 29, 2002, the deadline for amending the pleadings was extended to July 15, 2002, but all of the other deadlines remained the same.

Now the parties have requested another sixty-day extension on all of the deadlines. They assert that the extension is necessary because, although they have exercised diligence, they have had difficulty in locating potential individuals, or companies, who should be joined in this action. Specifically, the parties recently traveled to Georgia in order to take the Rule 30(b)(6) deposition testimony of a non-party,[1] who they believe could potentially be

---

[1]Under Rule 30(b)(6), Federal Rules of Civil Procedure, a party can seek information, through deposition testimony, from a corporation, partnership, association, or governmental agency. Specifically:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or partnership or association or governmental agency and describe with reasonable particularity the matters on which the examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

(continued...)

brought in as a defendant in this action, but the company representative was unable to provide information on many of the topics noticed for the deposition. Thus, they claim that they will have to conduct another trip to Georgia in order to obtain the information necessary to determine whether that nonparty should be added as a Defendant in this action. Consequently, they advise that the current schedule is unworkable.

We conclude that the parties have show good cause, albeit minimal, for the requested sixty-day extension of the pretrial deadlines. We caution them, however, that our indulgence for any further requests for such extensions has expired. This case must proceed and, while the mandate of Rule 1, Federal Rules of Civil Procedure,[2] is best served if all of the potential claims, which arise out the Plaintiff's cause of action, are resolved in a single lawsuit, we cannot wait indefinitely, without violating that same mandate, in the hopes of joining every conceivably culpable soul. As we did at the time of the Hearing, further requests for extensions will be viewed with less than an indulgent eye.

NOW, THEREFORE, It is --

---

[1](...continued)
Rule 30(b)(6), Federal Rules of Civil Procedure.

[2]Rule 1, Federal Rules of Civil Procedures, provides that the Rules "shall be construed and administered to secure a just, speedy, and inexpensive determination of every action."

ORDERED:

That the parties' Motion for an extension of the pretrial deadlines is GRANTED, and the parties are directed to submit a stipulation, for the Court's execution as an Order, which incorporates the new deadlines in accordance with this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE