IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JOHN ROGER SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 01-1948 MJD/RLE |
| | ) | |
| NORTHERN DEWATERING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff John Roger Smith, Defendant Northern Dewatering, Inc., and Third-Party Rinker Materials, Inc., d/b/a Rinker Polypipe Sandersville ("Rinker"), that the following procedure will apply to materials and/or information designated by Rinker as confidential:

IT IS ORDERED, ADJUDGED AND DECREED that

1. Rinker may designate subpoenaed documents it determines are subject to protection under Fed.R.Civ.P. 26(c)(7) as "Confidential" and produced or disclosed to Plaintiff "Pursuant to Protective Order", which designation shall make such documents and all copies, prints, or other reproduction of such documents subject to this order. The Confidential Document(s) and the information contained therein shall be used by counsel for Plaintiff and Defendant only for the purpose of preparing for and conducting this action and not for any business or other purpose whatsoever, and shall not be given to, shown to, made available to, or communicated in any way to anyone except those specifically identified below. The production,

FILED 8-26-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

of documents pursuant to this Court's order is not to be construed as a waiver of any protection afforded such information by other applicable law;

2. If Plaintiff disagrees with the confidential designation of any documents, Plaintiff may notify Defendant in writing. If the parties fail to agree regarding the appropriate designation, either party may apply to the Court for a determination. The burden of establishing that a document is properly subject to the protection under Fed.R.Civ.P. 26(c)(7) shall remain with Defendant;

3. The Confidential Document(s) and the information contained therein may be disclosed for the purposes set forth above, only to:

(a) The parties and counsel (including paralegals and clerical staff) in this litigation;

(b) Consultants retained by counsel for the Plaintiff or Defendant specifically for the purpose of analyzing the contents of the Confidential Document(s), provided that each such consultant shall first execute the Certificate annexed tot he Protective Order before being shown Confidential Document(s) and/or being given the information contained therein. All such executed copies of the Order shall be retained by counsel and those executed copies shall be made available for inspection by counsel for Rinker, either by agreement of counsel, by order of the Court, or, in any event, within thirty (30) days after the termination of the litigation;

(c) The Court or jury hearing the case;

(d) In the event the Confidential Document(s) and/or the information contained therein forms the basis for any question during a deposition, the court reporter shall, prior thereto, be provided with a copy of the Protective Order and shall execute the Certificate annexed thereto;

4. Plaintiff or Defendant may move the Court for an order permitting disclosure of Confidential Document(s) or information to persons other than those specifically identified in Section 3(a)-(d), above. If Plaintiff or Defendant move the Court for an order permitting disclosure of Confidential Document(s) or information to anyone except those specifically identified in Section 3(a)-(d), above, their agreement to this Protective Order shall not be interpreted as a waiver of their contention that good cause supports an expansion of the list, or of Rinker's contention that good cause does not exist. Any person receiving such Confidential Document(s) and/or the information contained therein shall not reveal to or discuss such information with any person who is not entitled to receive such information as set forth above;

5. In the event that counsel for the Plaintiff or Defendant determines to file in or to submit to the Court (a) the Confidential Document(s) or any information derived therefrom or (b) any papers containing or making any reference to such information, such document(s) shall be filed only in sealed envelopes on which shall be endorsed the style of this action and a statement in the following form:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order governing discovery and the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened or the contents thereof displayed or revealed except by Order of the Court.

6. Any disclosure of the confidential Document(s) and/or the information contained therein in any court proceeding herein other than the trial in chief, shall be made *in camera* unless the Court orders otherwise; provided, however, that nothing contained within this Order

shall affect the admissibility of the Confidential Document(s) at any hearing or trial before the Court or a jury;

7. Within thirty (30) days after the termination of this action by trial, entry of a final judgment after final decision by an appellate court, settlement, or dismissal, the Confidential Document(s) and all copies thereof shall be returned to counsel for Rinker and counsel for Plaintiff, Defendant or any consultant shall certify in writing to their collection and return of all copies of such confidential Document(s). The single exception to the requirement to return all copies of the confidential documents produced is as follows: Counsel for Plaintiff and Defendant may retain one copy of all confidential produced documents in a sealed envelope in their respective files to be unsealed and used only in the event of a legal malpractice claim or a lawsuit against the counsel in possession of the documents. When the statute of limitations for legal malpractice actions expires, counsel shall then return the confidential documents to counsel for Rinker. All notes or other transcriptions made on the basis of the Confidential Document(s) and/or containing any information derived therefrom shall be destroyed and counsel or the consultant shall certify in writing to such destruction. Counsel shall use reasonable efforts to obtain a certificate from each consultant, and if unable to obtain a certificate, shall promptly notify Rinker in writing;

8. All counsel of record and any other person who executes a certificate as set forth in (3) above consent to the jurisdiction of this Court for purposes of enforcement of the terms of the Order;

9. All provisions of the Protective Order restricting the communication or use of the Confidential Document(s) and any information derived therefrom shall survive the conclusion of this action and shall continue to be binding thereafter;

10. The Court and jury hearing the case shall be exempt from the requirements of this Order.

DATED: August 6, 2002

L. Michael Hall, Esq.
Reg. No. 39792
Attorney for Plaintiff
1010 West St. Germain, Suite 100
St. Cloud, Minnesota 56301
(320) 255-1000

COUSINEAU MCGUIRE ANDERSON

DATED: Aug 6, 02

By:
Peter G. Van Bergen
Reg. No. 112033
Attorneys for Defendant
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
(952) 546-8400

GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C.

By:
Wallace E. Harrell, III
State Bar No. 328810
Attorneys for Rinker Polypipe Sandersville
Post Office Box 190
Brunswick, Georgia 31521-0190
(912) 265-6700

John Smith v. Northern DeWatering, Inc., Civil No.: 01-1948 (MJD/RLE)

SO ORDERED this 26th day of August, 2002.

The Honorable Michael J. Davis
United States District Judge
District of Minnesota

STATE OF ____________________ )
)     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF __________________ )

EXHIBIT A
CERTIFICATE

I, ______________________________, hereby attest to my understanding that the information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of Rinker Materials, Inc., in John Roger Smith v. Northern Dewatering, Inc., in the United States District Court for the District of Minnesota, Civil Action No. 01-1948 MJD/RLE, that I have been given a copy of and have read that Protective Order and have had its meaning and effect explained to me by the designated attorney receiving the documents; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memoranda or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of this litigation. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that Protective Order, I may be subject to further order of the Court, and I agree to subject myself to the jurisdiction of the United States District Court for the District of

Minnesota, in and for any proceedings as the Court may deem proper for a violation of the Court's Protective Order.

______________________________

Sworn to and subscribed before me
this ______ day of July, 2002:

______________________________
Notary Public

My Commission Expires: ______________

NOTARIAL SEAL

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.