UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

John Roger Smith,

Plaintiff,

vs. MINUTE ORDER

Northern Dewatering, Inc.,

Defendant. Civ. No. 01-1948 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of September, 2002.

* * *

On September 12, 2002, the Court heard argument on the Defendant's Motion to extend the pretrial deadline, for amending the pleadings, in order that it may complete discovery concerning the potential liability of nonparty Rinker Materials Corporation/Rinker Polypipe ("Rinker"), for the injuries claimed by the Plaintiff. At the time of the Hearing, the Plaintiff appeared by L. Michael Hall, Esq., and the Defendant appeared by E. Lynnette Stafford, Esq. Finding good cause for the requested extension, we grant the same, and we stay the conduct of any discovery by deposition, and the disclosure of any expert opinions.

The Defendant has sought discovery against Rinker, but complains that Rinker has thwarted discovery or, at a minimum, has

(20)

SEP 12 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

required the Defendant to exhaust every condition precedent to discovery. As a consequence, the Defendant was obliged to seek an Order compelling discovery against Rinker, from the United States District Court for the District of Florida -- an effort that proved to be partially successful. However, at the current time, the deadline for an amendment of the pleadings will expire on September 13, 2002. The Plaintiff does not oppose the Defendant's Motion so long as he will be relieved of his obligation to disclose his expert opinions until a later date -- given the prospect that those opinions could be influenced by evidence garnered from Rinker.

We find good cause for the extension of the amendment deadline, and we extend that deadline until November 1, 2002. In order to minimize the retaking of depositions, should an new party be added to this case, we direct the parties to defer such deposition discovery, until a determination has been rendered on the joinder of an additional party. Further, we find good cause to stay the parties' obligation to disclose their expert opinions until further Order of this Court. In order to assure the orderly progression of this case to Trial, we hereby schedule a telephonic Pretrial Conference, to be conducted on **Monday, October 28, 2002, at 1:30 o'clock p.m.**, with the Defendant undertaking to make the necessary arrangements for the conference call. At that time, the Court will

consider setting realistic deadlines for the continued pretrial processing of this case.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's informal Motion to extend the pre-trial deadline for amending the pleadings is GRANTED, and we extend that deadline to **November 1, 2002.**

2. That the Plaintiff's informal Motion to Stay deposition discovery, as well as the disclosure of expert opinions, is GRANTED.

2. That a telephonic Pretrial Conference is scheduled for n **Monday, October 28, 2002, at 1:30 o'clock p.m.** at which time the Court, and counsel for all parties, may set realistic deadlines for the remaining pretrial process.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE