UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

John Roger Smith,

Plaintiff,

vs. MINUTE ORDER

Northern Dewatering, Inc.,

Defendant Civ. No. 01-1948 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of November, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's Motions to Compel Discovery, and its informal Motions to Add a Third Party, and to Stay Discovery.

A Hearing on these Motions was held on October 31, 2002, at which time the Plaintiff appeared by L. Michael Hall, Esq., and the Defendant appeared by E. Lynette Stafford, Esq.

For reasons which follow, we grant, in part, the Defendant's Motion to Compel, and we grant the Defendant's informal Motions to Add a Third Party and to Stay Discovery.

NOV 05 2002

## II. Discussion

The Defendant seeks to compel the Plaintiff to fully respond to Interrogatory No. 13, in which the Defendant requests the provision of identifying information concerning photographs which had been produced by the Plaintiff. During the Hearing, the parties discussed, and appeared to have resolved, that issue, and we do not address it further.

In addition, the Defendant requests an Order that compels the Plaintiff to respond to its Requests for Production of Documents, which were served on March 13, 2002, and to its Requests for Production of Documents, Set II, which were served on August 16, 2002. These production requests sought copies of the Plaintiff's tax returns for the years from 1995 though 2000. When defense counsel had requested these documents, Plaintiff's counsel had responded that he had requested the Plaintiff to retrieve those records, but that the Plaintiff had not yet done so. Plaintiff's counsel represented that he would continue in his efforts to obtain the Plaintiff's compliance.

The Plaintiff has violated the Federal Rules governing discovery, which require discovery responses within thirty days of service of the discovery request, as extended by three days if the request was served by mail. Rule 34(b), Federal Rules of Civil Procedure. The Plaintiff does not offer a legitimate excuse for

his failure to discover, and we will not indulge further delay in those discovery responses. The Plaintiff commenced this action in order to secure relief against the Defendant, and his counsel readily admits that the tax returns are relevant, and discoverable. Therefore, at the time of the Hearing, we directed the Plaintiff to produce the requested tax return information **by no later than ten (10) days after the date of the Hearing**, by either physically producing the documents, or by signing a release form authorizing the Defendant to obtain those documents directly from the Internal Revenue Service.

At the close of the Hearing, the Defendant informed the Court of its intent to join a Third-Party, Ranker Materials Corporation/Ranker Polypipe ("Ranker"), as a Third-Party Defendant. While, previously, the Defendant had advised that it would not pursue that course, a different election followed and, the joinder being timely, we grant the Motion to serve and file a Third-Party Complaint against Ranker. Lastly, by Order dated September 12, 2002, we "stay[ed] the conduct of any discovery by deposition, and the disclosure of any expert opinions." Thereafter, however, when we were notified by the Defendant that they had determined not to join Ranker, we lifted that Stay. Now that Ranker will be joined, it makes no sense to take depositions until Ranker properly makes its appearance in this action. Accordingly, we impose a Stay on

the conduct of deposition discovery until Ranker makes its appearance in this action, or until further Order of this Court.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion to Compel Discovery is DENIED to the extent that it seeks a response to Interrogatory No. 13; and is GRANTED to the extent that it seeks to compel a response to its document production requests, and that the Plaintiff is directed to produce the requested documents, or a signed release authorizing the Defendant to obtain the documents from the Internal Revenue Service, **by no later than ten (10) days after the date of this Order.**

2. That the Defendant's informal Motion to Add a Party is GRANTED, and the Defendant is directed to file and serve its Third-Party Complaint forthwith.

3. That the Defendant's informal Motion to Stay deposition discovery, as well as the disclosure of expert opinions, is GRANTED.

4. That the parties are directed to contact the Court when the Third-Party has made an appearance, in order that we may schedule a Rule 16 Pretrial Conference.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE